[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After a hearing on the Petition for Termination of Parental Rights in the above matter, the Court finds as follows:
This case came to the attention of Department of Children and Youth Services in October, 1987 when Linda Brown contacted Department of Children and Youth Services to state that she had been taking care of Daniel, Jaimee and Heather Lesniak since December, 1986 and that she needed financial and medical assistance in order to continue to provide care. The children were placed by their mother due to personal problems and inadequate housing. Department of Children and Youth Services unsuccessfully attempted to work with the girls' mother. She refused all services.
An Order of Temporary Custody was obtained, and the three girls have remained with Linda Brown who is now a licensed foster parent. The children consider Mrs. Brown as their parent and have expressed the desire to be adopted by her as soon as possible.
Extensive services were offered the mother, however, she refused to cooperate in any way. The mother has spurned the efforts by Department of Children and Youth Services to facilitate the reunion with her children. A social service agreement was entered into between Department of Children and Youth Services and the mother, however, she failed to live up to the terms of said agreement.
The children have no positive feelings or emotional ties with respect to their mother. The children hold their mother in contempt and have expressed a desire never to see her again. The feelings of the two older children border on hate as a result of the conduct of their mother when in their presence. She surprised her daughters at a school play and embarrassed them by yelling and screaming. The Court has experienced similar outbursts in open court and can understand the children's desire not to be in the presence of their mother. The older children recall their life with Ms. Scott as one of extreme unhappiness. They were often left unattended and subject to beatings at the hands of their mother. It is this Court's opinion that to return these children to their mother would be traumatic, almost to the degree CT Page 7215 of being cruel and unusual punishment. I am sure they would see it that way.
The ages of the children are:
 Daniel Lesniak, age 11 Jaimee Lesniak, age 10 and Heather Lesniak, age 8
Ms. Scott was described by Dr. Hedy Augenbraun as being "narcissistic, histrionic, provocative and extremely self-centered". The Court concurs with said findings based upon observations of Ms. Scott throughout these proceedings. Dr. Ralph Welsh made similar findings although he came to a different conclusion. Dr. Augenbraun diagnosed Ms. Scott as having a Borderline Personality Disorder, whereas, Dr. Welsh diagnosed her as a Paranoid Schizophrenic. There is no question that at this time Ms. Scott is incapable of parenting these children. She has made no efforts to adjust her circumstances, conduct or conditions to make it in the best interest of the children to return to her care and custody in the foreseeable future. Ms. Scott refuses to acknowledge that she has problems.
No one, other than Ms. Scott, has prevented the maintenance of a meaningful relationship with the children, and this Court is of the opinion that the relationship has deteriorated to such a degree that a meaningful relationship could never be established.
The above findings are based upon clear and convincing evidence. The Court concludes that beyond any doubt the best interest of the children would be served by the termination of the parental rights of Deborah Scott.
Therefore, the Court grants the petition and names the Department of Children and Youth Services statutory parent.
By the Court, Harold H. Dean, Judge